ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 26 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| WACHOVIA BANK, NATIONAL ASSOCIATION, ) ) ) | |
| PLAINTIFF, ) ) | **COMPLAINT** |
| V. ) ) | **FILE NO.** _____ |
| LONE PINE, INC., and WAYNE H. MASON, ) ) ) | **1:09-CV-2983** |
| DEFENDANTS. ) ) | |



WSD

## **COMPLAINT**

Plaintiff Wachovia Bank, National Association ("Wachovia"), for its Complaint against Defendants Lone Pine, Inc. ("Lone Pine") and Wayne H. Mason ("Mason") (Lone Pine and Mason are sometimes collectively referred to herein as "Defendants"), states and alleges as follows:

### I.   **PARTIES**

1.   Wachovia is a national banking association with its principal place of business in Charlotte, North Carolina.

2.   Lone Pine is a corporation organized under the laws of the State of Georgia.

3.     Lone Pine has its principal place of business located in Gwinnett County, Georgia.

4.     Mason is a resident of Snellville, Georgia.

## II.     JURISDICTION AND VENUE

5.     Lone Pine can be served with process by serving its registered agent, Thomas Andersen, at 1505 Lakes Parkway, Suite 100, Lawrenceville, Georgia 30043.

6.     Alternatively, Lone Pine can be served with process by serving its president or other officer, secretary, cashier, managing agent or other agent thereof at 1960 Satellite Boulevard, Suite 3000, Duluth, Georgia 30097.

7.     Alternatively, Lone Pine can be served with process by serving Mason, its Chief Executive Officer.

8.     Mason can be served with process by serving him at his residence at 2096 Oak Road, Snellville, Georgia 30078.

9.     The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 in that the amount in controversy exceeds $75,000, exclusive of interest and costs, and complete diversity of citizenship exists between the parties.

2

10.     Defendants are subject to the personal jurisdiction of this Court because they regularly transacted business within the State of Georgia during the period at issue in this Complaint.

11.     Venue is proper in the U.S. District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the action occurred in this district.

## III.   FACTUAL BACKGROUND

### A.    The Lone Pine Loan, Security Deed and Guaranty

12.     On or about July 14, 2004, Wachovia made a loan to Lone Pine in the principal amount of $7,500,000.00 (the "Loan").

13.     The aforementioned Loan was evidenced by a Promissory Note (the "7/14/04 Promissory Note") in the principal amount of $7,500,000.00.

14.     A true and correct copy of the 7/14/04 Promissory Note is attached hereto as Exhibit "A."

15.     Pursuant to the 7/14/04 Promissory Note, Lone Pine was obligated to make monthly payments of accrued interest, beginning on August 1, 2004, and each month thereafter, with all remaining principal and accrued interest due and payable on July 14, 2005.

3

16.   The 7/14/04 Promissory Note also states that Lone Pine shall pay all of Wachovia's reasonable expenses incurred to enforce or collect the Loan or any other "obligations" as that term is defined in the 7/14/04 Promissory Note, including reasonable attorneys' fees (the "Obligations"). *See* 7/14/04 Promissory Note, ¶ 12.

17.   On or about the same time that it executed the 7/14/04 Promissory Note, Lone Pine executed, in favor of Wachovia, a Deed to Secure Debt and Absolute Assignment of Leases, dated as of July 14, 2004 (the "7/14/04 Security Deed").

18.   A true and correct copy of the 7/14/04 Security Deed is attached hereto as Exhibit "B."

19.   Through the 7/14/04 Security Deed, Wachovia acquired a security interest, which is perfected, in certain real and other property more fully described in the 7/14/04 Security Deed.

20.   On or about July 14, 2004, Lone Pine also executed, in favor of Wachovia, an Absolute Assignment of Lessor's Interest in Leases and Rents, dated as of July 14, 2004 (the "7/14/04 Assignment of Rents") (the 7/14/04 Security Deed and 7/14/04 Assignment of Rents are sometimes collectively referred to herein as the "7/14/04 Security Agreements").

4

21. A true and correct copy of the 7/14/04 Assignment of Rents is attached hereto as Exhibit "C."

22. Through the 7/14/04 Assignment of Rents, Wachovia acquired a properly perfected assignment and transfer of certain leases, rents and other property more fully described in the 7/14/04 Assignment of Rents.

23. On or about July 14, 2004, Mason executed a guaranty (the "Unconditional Guaranty").

24. A true and correct copy of the Unconditional Guaranty is attached hereto as Exhibit "D."

25. Through the Unconditional Guaranty, Mason unconditionally guaranteed the following:

> All liabilities of [Lone Pine] to [Wachovia] and its affiliates, including, but not limited to, all obligations under any notes, loan agreements, security agreements, letters of credit, swap agreements (as defend in 11 U.S. Code § 101), instruments, accounts receivable, contracts, drafts, leases, chattel paper, indemnities, acceptances, repurchase agreements, overdrafts and the Loan Documents [as defined in the Unconditional Guaranty] however and wherever incurred or evidenced, whether primary, secondary, direct, indirect, absolute, contingent, due or to become due, now existing or hereafter contracted or acquired, and all modifications, extensions and renewals thereof (collectively, the "Guaranteed Obligations.")

Unconditional Guaranty, at 1.

26. The Unconditional Guaranty also states that Mason shall pay all of Wachovia's reasonable expenses incurred to enforce or collect any of the

Guaranteed Obligations, including reasonable attorneys' fees. *See* Unconditional Guaranty, ¶ 7.

**B.    The Maturity Date for the Lone Pine Loan Is Extended**

27.    On or about July 14, 2005, Lone Pine, Mason and Wachovia entered into the First Consolidated Amendatory Agreement.

28.    A true and correct copy of the First Consolidated Amendatory Agreement is attached hereto as Exhibit "E."

29.    Among other things, the First Consolidated Amendatory Agreement extended the maturity date of the 7/14/04 Promissory Note through January 14, 2006.

30.    On or about January 23, 2006, Lone Pine, Mason and Wachovia entered into a letter agreement (the "1/23/06 Letter Agreement").

31.    A true and correct copy of the 1/23/06 Letter Agreement is attached hereto as Exhibit "F."

32.    Through the 1/23/06 Letter Agreement, Lone Pine, Mason and Wachovia, among other things, agreed that the maturity date of the 7/14/04 Promissory Note was extended through April 14, 2006.

33.    On or about July 14, 2006, Lone Pine, Mason and Wachovia entered into the Second Consolidated Amendatory Agreement.

6

34. A true and correct copy of the Second Consolidated Amendatory Agreement is attached hereto as Exhibit "G."

35. Among other things, the Second Consolidated Amendatory Agreement extended the maturity date of the 7/14/04 Promissory Note through July 14, 2006.

36. Further, through the Second Consolidated Amendatory Agreement, Lone Pine acknowledged that the outstanding principal balance of the 7/14/04 Promissory Note as of the July 14, 2006 was $7,454,599.08.

37. On or about December 31, 2006, Lone Pine, Mason and Wachovia entered into the Third Consolidated Amendatory Agreement.

38. A true and correct copy of the Third Consolidated Amendatory Agreement is attached hereto as Exhibit "H."

39. Among other things, the Third Consolidated Amendatory Agreement extended the maturity date of the 7/14/04 Promissory Note through June 30, 2007.

40. Additionally, through the Third Consolidated Amendatory Agreement, Lone Pine acknowledged that the outstanding principal balance of the 7/14/04 Promissory Note as of the December 31, 2006 was $7,453,517.63.

41. On or about June 30, 2007, Lone Pine, Mason and Wachovia entered into the Fourth Consolidated Amendatory Agreement.

7

42.  A true and correct copy of the Fourth Consolidated Amendatory Agreement is attached hereto as Exhibit "I."

43.  Among other things, the Fourth Consolidated Amendatory Agreement extended the maturity date of the 7/14/04 Promissory Note through January 31, 2008.

44.  On or about January 31, 2008, Lone Pine, Mason and Wachovia entered into the Fifth Consolidated Amendatory Agreement.

45.  A true and correct copy of the Fifth Consolidated Amendatory Agreement is attached hereto as Exhibit "J."

46.  Among other things, the Fifth Consolidated Amendatory Agreement extended the maturity date of the 7/14/04 Promissory Note through July 31, 2008.

47.  On or about July 31, 2008, Lone Pine, Mason and Wachovia entered into the Sixth Consolidated Amendatory Agreement.

48.  A true and correct copy of the Sixth Consolidated Amendatory Agreement is attached hereto as Exhibit "K."

49.  Among other things, the Sixth Consolidated Amendatory Agreement extended the maturity date of the 7/14/04 Promissory Note through February 28, 2009.

50.    Thus, all outstanding principal, interest and other amounts due on the Loan were due by February 28, 2009.

51.    As of February 28, 2009, the principal amount of 7,071,526.29 was due and owing on the Loan (the "Maturity Principal Due").

**C.    Lone Pine Loan and Mason Default**

52.    Lone Pine failed to pay the Maturity Principal Due by its due date.

53.    Lone Pine also failed to pay the Maturity Principal Due within the five (5) day cure period after the principal payment was due. *See* 7/14/04 Promissory Note, ¶ 14.

54.    As a consequence, the Loan went into default.

55.    Thus, interest on the Loan at the default rate set forth in Paragraph 5 of the 7/14/04 Promissory Note began to accrue as of March 6, 2009 ("Default Interest").

56.    Per the 7/14/04 Promissory Note, Default Interest shall accrue until obligations under the 7/14/04 Promissory Note or a judgment thereon is paid in full. *See* 7/14/04 Promissory Note, ¶ 5.

57.    On July 22, 2009, Wachovia, through its counsel, gave written notice to Mason and Lone Pine that the Loan was overdue (the "Defendants' Notice of Maturity").

58.   A true and correct copy of the Defendants' Notice of Maturity is attached hereto as Exhibit "L."

59.   Through the Notice of Maturity, Wachovia also made demand upon the Defendants for full and immediate payment of all Obligations due and owing under the 7/14/04 Promissory Note, the Amendment Agreements, the Security Agreements and other documents related to the Loan (the "Loan Documents").

60.   Prior to sending the Defendants' Notice of Maturity to the Defendants, Wachovia had given notice to Lone Pine that it was in default of its obligations under the Loan Documents.

61.   Through the Defendants' Notice of Maturity, Wachovia informed the Defendants that if the amounts due and owing under the Loan Documents were not paid in full within ten (10) days of receipt of Defendants' Notice of Maturity, then the Bank would seek its reasonable attorneys' fees pursuant to the Loan Documents and O.C.G.A. § 13-1-11.

62.   On July 22, 2009, Wachovia, through its counsel, also gave further notice to Mason that the Loan was overdue (the "Guarantor's Notice of Maturity").

63.   A true and correct copy of the Guarantor's Notice of Maturity is attached hereto as Exhibit "M."

10

64.   Through the Guarantor's Notice of Maturity, Wachovia made demand for full and immediate payment of all outstanding amounts due and owing under the Loan Documents.

65.   Through the Guarantor's Notice of Maturity, Wachovia informed Mason that if the amounts due and owing under the Loan Documents were not paid in full within five (5) days of his receipt of Guarantor's Notice of Maturity, then that would constitute an event of default under the Unconditional Guaranty.

66.   As of October 26, 2009, the Default Interest due and owing under the Loan Documents is $123,067.

67.   Default Interest continues to accrue at the rate set forth in the 7/14/04 Promissory Note.

68.   Wachovia has performed all of its obligations under the Loan Documents.

69.   To date, Lone Pine has failed to pay the Obligations overdue and owing on the Loan and under the Loan Documents.

70.   Further, to date, Mason has failed to pay the Obligations overdue and owing on the Loan and under the Loan Documents.

## COUNT I - BREACH OF CONTRACT

### (Against Lone Pine)

71.   Wachovia incorporates the allegations in Paragraphs 1 through 70 of this Complaint as if set forth fully herein.

72.   Pursuant to the Loan Documents, Lone Pine was obligated to pay the Maturity Principal Due by February 28, 2009.

73.   Lone Pine has failed to pay the Maturity Principal Due and other amounts now overdue and owing to Wachovia under the Loan Documents.

74.   Thus, Wachovia is entitled to a judgment in its favor and against Lone Pine for all Obligations due and owing under the Loan Documents, including, but not limited to, principal, interest and Default Interest on the 7/14/04 Promissory Note.

## COUNT II – ATTORNEYS' FEES

### (Against Lone Pine)

75.   Wachovia incorporates the allegations in paragraphs 1 through 74 of this Complaint as if set forth fully herein.

76.   Lone Pine agreed to pay "reasonable attorney fees" in the event that Wachovia had to retain counsel to enforce or collect any of Lone Pine's obligations under the 7/14/04 Promissory Note and other Loan Documents.

12

77.   Lone Pine was given written notice that if it failed to satisfy its obligations under the Loan Documents and pay the Obligations due and outstanding on the Loan within ten (10) days of its receipt of the Defendants' Notice of Maturity, then Wachovia would be entitled to an award of its reasonable attorneys' fees pursuant to O.C.G.A. § 13-1-11.

78.   As more than ten (10) days have passed since Lone Pine's receipt of Defendants' Notice of Maturity, and Lone Pine has failed to satisfy its obligation to pay the amounts overdue under the Loan Documents in full, Wachovia is entitled to a judgment in its favor and against Lone Pine for its reasonable attorneys' fees pursuant to O.C.G.A. § 13-1-11(a)(2).

## COUNT III – BREACH OF CONTRACT

### (Against Mason)

79.   Wachovia incorporates the allegations in Paragraphs 1 through 78 of this Complaint as if set forth fully herein.

80.   Pursuant to the Loan Documents, Mason guaranteed the timely payment and performance of all of the Guaranteed Obligations, including Lone Pine's obligation to timely pay the Loan in full.

81.    While Lone Pine has failed to pay the amounts outstanding on the Loan, and despite Mason having actual notice of such default, Mason has failed to pay Wachovia the amounts now overdue under the Loan Documents.

82.    Therefore, Wachovia is entitled to a judgment in its favor and against Mason for all Obligations due and owing under the Guaranty, including, but not limited to the principal, interest, Default Interest and attorneys' fees described in Counts I and II above.

## COUNT IV – ATTORNEYS' FEES

### (Against Mason)

83.    Wachovia realleges the allegations in paragraphs 1 through 82 of this Complaint as if set forth fully herein.

84.    Mason agreed to pay "reasonable attorney fees" in the event that Wachovia had to retain counsel to enforce or collect any of Lone Pine's obligations under the 7/14/04 Promissory Note and other Loan Documents.

85.    Through the Defendants' Notice of Maturity, Mason was given written notice that if he failed to satisfy his obligations under the Loan Documents and pay the amounts due and outstanding on the Loan within ten (10) days of his receipt of the Defendants' Notice of Maturity, then Wachovia would be entitled to an award of its reasonable attorneys' fees pursuant to O.C.G.A. § 13-1-11.

14

86.    As more than ten (10) days have passed since Mason's receipt of Defendants' Notice of Maturity, and Mason has failed to satisfy his obligation to pay the amounts overdue under the Loan Documents in full, Wachovia is entitled to a judgment in its favor and against Mason for its reasonable attorneys' fees pursuant to O.C.G.A. § 13-1-11(a)(2).

87.    Alternatively, this Complaint serves as notice to Mason that if he fails to satisfy his obligations under the Loan Documents within ten (10) days of his receipt of this Complaint, Wachovia is entitled to a judgment in its favor and against him for its reasonable attorneys' fees pursuant to O.C.G.A. § 13-1-11(a)(2).

**WHEREFORE,** Wachovia prays for an order and judgment of this Court as follows:

a.    Entering judgment for damages in favor of Wachovia and against Lone Pine in the principal amount of $7,071,526.29, plus $123,067 in Default Interest through October 26, 2009, or $7,194,593.29 in total, plus interest through full and final payment of a judgment in its favor at the Default Interest rate;

b.    Awarding Wachovia its reasonable attorneys' fees against Lone Pine pursuant to O.C.G.A. § 13-1-11;

15

c.     Entering judgment for damages in favor of Wachovia and against Mason for all amounts due on the Guaranteed Obligations;

d.     Awarding Wachovia its reasonable attorneys' fees against Mason pursuant to O.C.G.A. § 13-1-11;

e.     Awarding Wachovia its costs and expenses herein; and

f.     Awarding Wachovia such other and further relief as the Court deems just and proper.

Respectfully submitted this 26th day of October, 2009.

ALSTON & BIRD LLP


CANDACE N. SMITH
Georgia Bar No. 654910
JASON WATSON
Georgia Bar No. 741414

1201 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 881-7000
Facsimile: (404) 881-7777
candace.smith@alston.com


Attorneys for Plaintiff Wachovia Bank, National Association