IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Wachovia Bank, National Association, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:09-cv-02983-JOF |
| Lone Pine, Inc. and | : | |
| Wayne H. Mason, | : | |
| | : | |
| Defendants. | : | |

**OPINION & ORDER**

This matter is before the court on Wachovia's motion for judgment on the pleadings on Defendants' Eighth Affirmative Defense [36].

**I.   Background**

Plaintiff, Wachovia Bank, National Association, filed suit against Defendants Lone Pine, Inc. and Wayne H. Mason on October 26, 2009, alleging breach of contract and also seeking attorney's fees due to Defendants' alleged failure to repay outstanding amounts owed on a loan initially made to Lone Pine, Inc. for the amount of $7.5 million on July 14, 2004, and guaranteed by Mason.[1]  As the court notes below, the only legal question at issue

---

[1] From July 14, 2005 through July 31, 2008, Plaintiff and Defendants entered into seven agreements to amend the Promissory Note, primarily for the purpose of extending the maturity date of the Note. The last amendment, the Sixth Consolidated Amendatory Amendment, extended the maturity date on all Loan Obligations to February 28, 2009.

AO 72A
(Rev.8/82)

in the instant motion is the viability of Defendants' eighth affirmative defense. For the purposes of context only, the court notes that Lone Pine, Inc. has filed a third party complaint against Defendant Piedmont Hospital, Inc. It is Lone Pine's position that it took out the $7.5 million loan as part of a development deal to acquire Palisades Property in reliance on the alleged promise of Third Party Defendant Piedmont Hospital to purchase the Palisades Property from Lone Pine. When that prospect did not pan out, Lone Pine and Mason did not pay off the $7.5 million loan from Wachovia, leading to the instant litigation. A more detailed factual recitation is not necessary to resolve the issue of the eighth affirmative defense.

## II.   Discussion

In their answer, Defendants contend that Wachovia's claims against them are barred because Wachovia's successor-in-interest, Wells Fargo & Company, accepted funds from the United States Treasury under the Troubled Assets Relief Capital Purchase Program ("TARP") as part of the Emergency Economic Stabilization Act of 2008. In its entirety, the Eighth Affirmative Defense states:

---

Plaintiff alleges that Lone Pine did not fully pay its obligations by that date or within the five day grace period, although it did make some payments thereafter. Wachovia asserts that the Note is in default.

2

> The Plaintiff is barred from any recovery by virtue of [TARP] established under the Emergency Stabilization Act of 2008, 12 U.S.C. §§ 5201 *et seq.* As a consequence of the receipt of TARP funds by Wells Fargo, Plaintiff's successor by merger, there is an agreement between Plaintiff and the United States Government that Plaintiff will endeavor to avoid foreclosure and will continue to extend credit under circumstances such as those present in [the] lending relationship between Plaintiff and Defendants. Furthermore, the Board of Governors of the Federal Reserve System, the Federal Deposit Insurance Corporation, the National Credit Union Administration, the Office of Comptroller of the Currency, the Office of Thrift Supervision, and the Federal Financial Institutions Examination Council State Liaison Committee, recognizing that financial institutions face significant challenges when working with commercial real estate borrowers that are experiencing diminished operating cash flows, depreciated collateral values, or prolonged sales and rental absorption periods, issued, on or about October 30, 2009, a Policy Statement on Prudent Commercial Real Estate Loan Workouts to, among other things, ensure that supervisory policies and actions do not inadvertently curtail the availability of credit to sound borrowers. Having by virtue of its merger with Wells Fargo & Company received substantial TARP funds from the federal government and significant regulatory relief to enter into a workout of the commercial real estate loan that is the subject of this lawsuit, Plaintiff should dismiss this action and extend the maturity date of this loan on which monthly interest has continued to be paid. Defendants are third-party beneficiaries of the agreement between the Plaintiff and the United States Government and the failure of Plaintiff to use the TARP funds properly and enter into a workout of the commercial real estate loan that is the subject of this lawsuit is a bar to this action.

*See* Answer, Eighth Affirmative Defense.

Federal Rule of Civil Procedure 12(f) provides that a defense may be stricken if it is insufficient as a matter of law. *Id.* Motions to strike are disfavored and only should be granted if it is clear from the face of the pleadings that the matter sought to be stricken has no possible bearing on the controversy. *Augustus v. Board of Public Instruction*, 306 F.2d

3

862, 868 (5th Cir. 1962). More specifically, however, Defendants contend that the court cannot rule on Wachovia's motion for judgment on the pleadings as to the Eighth Affirmative Defense because in support of its motion, Wachovia cites the Securities Purchase Agreement, a document outside the four corners of the pleadings. Defendants assert, therefore, that under Rule 12(d), the court must convert Wachovia's motion for judgment on the pleadings into a motion for summary judgment.

The court disagrees. The gravamen of Plaintiff's argument is that neither the Emergency Economic Stabilization Act of 2008, nor the TARP program provides a private right of action to borrowers and therefore Defendants cannot assert an affirmative defense against the breach of contract claim that is premised on Wells Fargo's receipt of TARP money. Each entity that received money under TARP signed a Securities Purchase Agreement with the United States Treasury. Plaintiff does note in its motion to strike that section 5.10 of Wells Fargo's Securities Purchase Agreement with the Treasury Department specifies that the Agreement is not intended to confer any additional rights on parties. *See* Motion, at 8-9. Plaintiff's argument, however, does not rely on this document. The court need not even consider the Securities Purchase Agreement in order to resolve the legal issue of whether Defendants' Eighth Affirmative Defense can stand. Therefore, the court will not convert Plaintiff's motion for judgment on the pleadings into a motion for summary

AO 72A
(Rev.8/82)

judgment and instead proceeds to determine the viability of Defendants' Eighth Affirmative Defense.

There is no dispute that Wells Fargo & Co. received funds from the United States Government in the TARP Program. There is further no dispute that TARP does not provide a private right of action to individual borrowers against lenders. *See*, *e.g.*, *Gonzalez v. First Franklin Loan Services*, Civil Action No. 09-CV-00941-AWI-GSA, 2010 WL 144862 (E.D. Cal. Jan. 11, 2010); *Regions Bank v. Homes by Williamscraft, Inc.*, Civil Action No. 1:09-CV-91-TWT, 2009 WL 3753585 (N.D. Ga. Nov. 6, 2009) (Thrash, J.) ("the court finds that there is no express or implied right to sue fund recipients under TARP"); *Santos v. Countrywide Home Loans*, Civil Action No. 2:09-02642-WBS, 2009 WL 3756337 (E.D. Cal. Nov. 6, 2009); *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1185 (N.D. Cal. 2009) (holding no private right of action against TARP fund recipients).

Plaintiff asserts that if there is no private right of action under TARP, there can be no affirmative defense based on that program. *See First Speciality Ins. Corp. v. GRS Management Associates, Inc.*, Civil Action No. 08-81356, 2009 WL 2169869, at *3 & n.4 (S.D. Fla. July 20, 2009) (Marra, J.) (where statute is regulatory and does not support a cause of action, it cannot give rise to affirmative defense); *Columbia Artists Management, LLC v. Swenson & Burnakus, Inc.*, Civil Action No. 05 Civ 7314, 2008 WL 4387808 (S.D.N.Y. Sept. 24, 2008) (Sand, J) ("Where there is no private right of action for a claim,

5

a party cannot assert that same violation as grounds for an affirmative defense."); *Niagara Frontier Transp. Auth. v. Eastern Airlines, Inc.*, 658 F. Supp. 247 (W.D.N.Y. 1987) (where court determined that Airport and Airway Improvement Act of 1982 did not contain private right of action, course dismissed affirmative defenses based on act). The court agrees that because TARP does not contain a private right of action, Defendants may not raise it as an affirmative defense to Plaintiff's breach of contract claim.

The cases Defendants cite to support their argument that the lack of a private right of action does not doom their TARP affirmative defense are limited in their application to certain state laws. *See*, *e.g.*, *Federal Land Bank of Spokane v. L.R. Ranch Co.*, 926 F.2d 859, 863 & n.7 (9th Cir. 1991) (feature of Montana state law that bank's failure to comply with particular banking regulations or federal Agricultural Credit Act could serve as equitable defense to foreclosure); *Harper v. Federal Land Bank of Spokane*, 878 F.2d 1172, 1177 (9th Cir. 1989) (noting in discussion of private right of action that some states grant borrower right to allege failure of bank to restructure as affirmative defense to foreclosure); *Farm Credit Bank of Spokane v. Debuf*, 757 F. Supp. 1106, 1109 (D. Mont. 1990) (declining to strike affirmative defense based on fact that some states recognize failure to offer restructuring as affirmative defense to foreclosure); *Federal Land Bank of St. Paul v. Overboe*, 404 N.W.2d 445 (N.D. 1987) (bank's failure to comply with forbearance statutes and policies give rise to equitable defense).

6

In the alternative, Defendants ask the court to find that the facts related to TARP are still relevant to Defendants' other affirmative defenses. The court is not quite certain what Defendants seek in this request. To the extent Defendants want the court to find that their TARP arguments are relevant to their equity affirmative defense, the court declines to so hold. *See*, *e.g.*, *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1185 (N.D. Cal. 2009) (rejecting plaintiff's equitable estoppel defense based on fact that Bank of America accepted $45 billion in TARP funds and allegedly did not use that money to alleviate economic and foreclosure crisis in United States).

Finally, the court has located no case which finds that a bank's receipt of funds under TARP is even relevant to a claim raised by a borrower against the bank. *See*, *e.g.*, *Maguca v. Aurora Loan Servs.*, Civil Action No. SACV 09-1086 JVS, 2009 WL 3467750 (C.D.Cal. Oct. 28, 2009) (noting that plaintiff did not identify under what duty defendant was required to give loan modification or forbearance; recognizing plaintiff's argument that defendant had duty as recipient of funds from TARP, but noting that plaintiff did not "explain how receipt of TARP funds gives rise to a cause of action against the recipient by a borrower"); *Mertan v. American Home Mortg. Servicing, Inc.*, Civil Action No. SACV 09-723 DOC, 2009 WL 3296698 (C.D.Cal. Oct. 13, 2009) (rejecting plaintiffs' assertion that defendants were unjustly enriched because they received TARP funds but did not provide plaintiffs with loan

7

modification; money conferred on defendants came from the federal government, not plaintiffs).

For the foregoing reasons, the court holds that Defendants cannot raise Plaintiff's receipt of funds under the TARP as the basis for an affirmative defense.

## III.   Conclusion

The court GRANTS Wachovia's motion for judgment on the pleadings on Defendants' Eighth Affirmative Defense [36].

**IT IS SO ORDERED** this 15th day of June 2010.

                                                       /s   J. Owen Forrester
                                                           J. OWEN FORRESTER
                                   SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)